## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Sonia Holt, | Civil No. 05-263 (DWF/JSM) |
| Plaintiff, | |
| v. | **ORDER** |
| Wyeth a/k/a Wyeth, Inc. (f/k/a American Home Products Corporation); American Home Products, Inc.; AHP DM Subsidiary Holding Corporation, f/k/a Wyeth-Ayerst Laboratories Company, a division of Wyeth; Wyeth Pharmaceuticals a/k/a Wyeth Pharmaceuticals, Inc. (f/k/a Wyeth-Ayerst Pharmaceuticals, Inc. and Ayerst Laboratories, Inc.), a division of Wyeth; Wyeth-Ayerst Pharmaceuticals, Inc. Pharmacia & Upjohn Company; Pfizer Inc.; Parke-Davis, (A Warner Lambert Division of Pfizer Inc.); Greenstone Ltd.; Barr Laboratories, Inc.; Barr Pharmaceuticals Laboratories, Inc.; Barr Pharmaceuticals, Inc.; and Duramed Pharmaceuticals, Inc. a subsidiary of Barr Pharmaceuticals, Inc.; and Solvay Pharmaceuticals, Inc., | |
| Defendants. | |

Gale D. Pearson, Esq., and Stephen J. Randall, Esq., Pearson, Randall, Schumacher & LaBore PA, counsel for Plaintiff.

Carrie L. Hund, Esq., and Edward F. Fox, Esq., Bassford Remele, PA, counsel for Defendants Wyeth a/k/a Wyeth, Inc., Wyeth Pharmaceuticals, Inc., Pharmacia & Upjohn Company, Pfizer, Inc., and Greenstone Ltd.

Jan R. McLean Bernier, Esq., Nilan Johnson Lewis PA, counsel for Defendants Barr Pharmaceuticals, Inc., Barr Laboratories, and Duramed Pharmaceuticals, Inc.

Stacey L. Drentlaw, Esq., Oppenheimer Wolff & Donnelly LLP, counsel for Defendant Pfizer, Inc.

## INTRODUCTION

This is one of many product-liability actions filed in the District of Minnesota related to injuries allegedly caused by the ingestion of the hormone replacement therapy medication, Prempro.  Plaintiff Sonia Holt filed this action against the above-named Defendants.  This case was originally consolidated into a multi-district litigation but has since been remanded.  After remand, the Court issued an Order requiring the parties to brief the propriety of a transfer under 28 U.S.C. § 1404, given that it appears that the case lacks any discernable connection to Minnesota and that a transfer would likely promote the interest of justice.  (Doc. No. 20.)  Plaintiff now requests transfer to the Western District of North Carolina.  No Defendant has briefed the issue of a potential transfer to North Carolina.  The Wyeth, Pfizer, and Greenstone Defendants do not oppose transfer from the District of Minnesota to the District Kansas, but preserve their objections to transfer.  (Doc. No. 22.)  For the reasons stated below, the Court transfers this case to the District of Kansas.

## BACKGROUND

Plaintiff is currently a resident of the State of North Carolina.  (Compl. ¶ 26.)  From 1991 to 2001, Plaintiff was a resident of the State of Kansas.  (Doc. No. 23, Hund Decl. ¶ 2, Ex. 1.)  Plaintiff alleges that Defendants are Delaware and Georgia corporations with their principal places of business in New Jersey, Delaware, Pennsylvania, Michigan, New York, and Georgia.  (Compl. ¶¶ 1-19.)

According to the Complaint, Plaintiff ingested hormone therapy drugs from 1981 to 2000.  (*Id.* ¶ 26.)  Plaintiff was diagnosed with breast cancer in 2000.  (*Id.*)  Plaintiff

contends that, as a result of ingesting the hormone therapy drugs, she developed breast cancer, resulting in personal injuries and damages. (*See id.*) Plaintiff asserts claims of strict liability, negligence, failure to warn, fraud, breach of warranties, and corporate responsibility. (*Id.* ¶¶ 117-72.) Plaintiff maintains that Defendants manufactured the hormone therapy drugs she ingested. (*Id.* ¶¶ 1-19, 26.)

It appears to the Court that Plaintiff resided in the State of Kansas when she was diagnosed and initially treated for breast cancer and for many years during which she ingested the hormone therapy drugs at issue, and that she resided in North Carolina when she filed the present lawsuit. (*See id.* ¶ 26; Hund Decl. ¶ 2, Ex. 1 (identifying Plaintiff's State of residence as Kansas from 1991-2001 and as North Carolina from 2001-present).) Plaintiff's treating and prescribing physicians, who will likely be called as witnesses, also reside in Kansas. (Hund Decl. ¶ 2, Ex. 1.)

## DISCUSSION

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When deciding a motion to transfer pursuant to § 1404(a), the Court must consider the convenience of the parties, the convenience of the witnesses, and the interest of justice. *See Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). In considering these factors, the Court must make a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id*. The burden is on the party seeking the transfer "to show that the

balance of factors 'strongly' favors the movant." *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (quotation omitted).

The Court first concludes that this action "might have been brought" in the District of Kansas. 28 U.S.C. § 1404(a). An action may be brought in any district where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). Here, a substantial part of the events giving rise to Plaintiff's claims occurred in Kansas. For example, it appears that Plaintiff was prescribed and ingested hormone replacement therapy drugs while living in Kansas and that she was diagnosed with and treated for breast cancer in Kansas.[1]

The Court also concludes that the convenience of the parties and witnesses favors transfer to Kansas. Here, neither Plaintiff nor Defendants reside in Minnesota. Nor has Plaintiff alleged any other connection with the State. While Plaintiff would likely find litigating this action in North Carolina (her current state of residence) more convenient, the underlying facts related to Plaintiff's ingestion of hormone replacement drugs and diagnosis and treatment for breast cancer appear to have occurred largely, if not wholly, in Kansas. The Court notes that medical personnel involved in Plaintiff's care, including the physicians who prescribed the drugs at issue and diagnosed her cancer, still reside and

---

[1] According to Plaintiff's complaint, she ingested the hormone therapy drugs at issue from 1981 through 2000—before she moved to North Carolina in 2001 and while she was a resident of the State of Kansas. (*See* Compl. ¶ 26.) Additionally, Plaintiff was diagnosed with, and initially treated for, breast cancer in 2000—while she was still living in Kansas. (*See id.*)

presumably practice in Kansas.  (*See* Hund Decl. ¶ 2, Ex. 1.)  Thus, medical witnesses are located in Kansas.

In addition, other critical witnesses in this action will include experts and company witnesses.  While many of these witnesses reside outside of Kansas, there is no evidence that any reside in Minnesota.  Therefore, these witnesses will be required to travel whether the trial is in Minnesota or Kansas.  Moreover, Defendants' principal places of business are located on the East Coast, Midwest, and South, making Kansas just as convenient a forum as Minnesota.

The Court must also evaluate what venue will best promote the interest of justice.  *Graff*, 33 F. Supp. 2d at 1122.  This factor is weighed "very heavily." *Id.*  A number of relevant considerations include judicial economy, the plaintiff's choice of forum, the costs of litigating in each forum, obstacles to a fair trial, choice-of-law issues, and the advantages of having a local court determine questions of local law.  *See Terra Int'l,* 199 F.3d at 696.  Here, Plaintiff's choice of forum is given less protection since Plaintiff does not reside in Minnesota, does not have any connection to Minnesota, and because the events underlying this action did not occur in Minnesota.  *See Nelson v. Soo Line R.R. Co.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 2006).  Moreover, Plaintiff has consented to the transfer of this action, albeit she has requested transfer to her current home State of North Carolina, as opposed to Kansas.  Plaintiff acknowledges that she filed this action in Minnesota to take advantage of this State's statute of limitations period.  (Doc. No. 21 at 1.)  The Court notes, however, that because Plaintiff filed this action in Minnesota, the Minnesota statute of limitations will continue to govern in the transferee court so long as

5

Plaintiff is entitled to the benefit of the statute of limitations under Minnesota's choice-of-law rules. *See Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990) (holding that a transfer under § 1404(a) does not change the applicable law in a case founded on diversity jurisdiction).

The remaining considerations with respect to the interest of justice weigh in favor of transfer. For example, the substantive law of another state likely applies to Plaintiff's claims, and the State of Kansas has an interest in determining questions of local law and in protecting the rights of an individual who was injured in that state.

Based on the above, the Court concludes that the interest of justice strongly favors the transfer of this action to the District of Kansas.

## ORDER

For the reasons stated, **IT IS HEREBY ORDERED** that:

1. This action is transferred to the United States District Court for the District of Kansas.

2. The Clerk of Court is directed to effect the transfer.

Dated: May 25, 2012  s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge